1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                    EASTERN DISTRICT OF CALIFORNIA

8

9    U.A. LOCAL NO. 343 PENSION        No.  2:19-cv-01381-JAM-DB
     PLAN, et al.,
10
                   Plaintiffs,
11                                     **ORDER GRANTING IN PART AND
         v.                            DENYING IN PART PLAINTIFFS'
12                                     MOTION FOR SUMMARY JUDGMENT**
     G.A.R. PLUMBING PARTNERS,
13   INC.,

14                 Defendant.

15

16       On July 22, 2019, U.A. Local No. 343 Pension Plan, U.A.

17   Local Nos. 343 and 355 Defined Contribution Plan, Plumbers and

18   Steamfitters Managed Health Care Plan, (collectively the "Benefit

19   Funds"), the Board of Trustees of the Benefit Funds, and U.A.

20   Local No. 343 ( "Plaintiffs") filed this action against G.A.R.

21   Plumbing Partners, Inc. ("Defendant" or "G.A.R."), seeking to

22   collect contributions owed by G.A.R. under a collective

23   bargaining agreement.  Compl., ECF No. 1.  Plaintiffs assert two

24   claims against G.A.R.: (1) failure to make required contributions

25   in violation of the Employee Retirement Income Security Act of

26   1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and (2) breach of a

27   collective bargaining agreement and the trust agreement in

28   violation of the Labor Management Relations Act of 1947 ("LMRA"),

                                   1

1   29 U.S.C. § 185.  Compl. ¶¶ 21-28.

2       On August 28, 2020, G.A.R. filed a counterclaim against
3   Plaintiffs, bringing two claims for: (1) restitution of overpaid
4   amounts pursuant to ERISA, and (2) breach of a collective
5   bargaining agreement and the trust agreement in violation of the
6   LMRA.  Countercl. ¶¶ 21-34, ECF No. 25.

7       Plaintiffs now move for summary judgment on their claims and
8   Defendant's counterclaims.  Mot. Summ. J. ("Mot."), ECF No. 40.
9   Defendant filed an opposition, Opp'n, ECF No. 45, to which
10  Plaintiffs replied, Reply, ECF No. 46.  For the reasons set forth
11  below, the Court GRANTS in part and DENIES in part Plaintiffs'
12  Motion for Summary Judgment.[1]

13

14              I.   BACKGROUND

15      G.A.R. is a plumbing services company owned and operated by
16  George Robertson and his wife.  Def.'s Resp. to Pls.' Statement
17  of Undisputed Facts ("SUF") ¶¶ 6-7, ECF No. 45-4.  G.A.R. is only
18  licensed to perform plumbing work, and its only source of revenue
19  is plumbing work.  Id. ¶¶ 8-10.  From April 1, 2012, to December
20  31, 2016, G.A.R. was a signatory to the U.A. Local 343 Master
21  Labor Agreement ("MLA").  Id. ¶ 1.  The MLA requires
22  contributions into the Benefit Funds for all hours of covered
23  work, which includes plumbing work.  Id. ¶¶ 3-4.

24      This lawsuit commenced after Plaintiffs performed a payroll
25  audit on G.A.R. for the April 1, 2012 to December 31, 2016

26

27  [1] This motion was determined to be suitable for decision without
    oral argument.  E.D. Cal. L.R. 230(g).  The hearing was
28  scheduled for February 23, 2021.

period.  Id. ¶ 11.  The audit revealed that G.A.R. had not
reported any hours of covered work for the period between July 1,
2016 to December 31, 2016.  SUF ¶ 30, ECF No. 41.  Cash
disbursement journals and invoices for that period, however,
indicated that G.A.R. had made $20,368.93 in plumbing supply
purchases, signaling to the auditors that covered work may have
been performed.  Id.  Plaintiffs' auditors shared this
information with the Chairmen of the U.A. Local 343 Benefit Funds
and explained it was customary under the circumstance here –where
adequate time records were not kept yet it appeared covered work
had been performed – to either presume full-time, forty hours per
week of work, or to divide the material purchases by the
journeymen wage rate; and then after adopting one of those two
presumptions, shift the burden to the employer to show the actual
hours of work performed.  Id. ¶ 31.  The Chairmen of the U.A.
Local 343 Benefit Funds decided to adopt a presumption of forty
hours of work per week and then shift the burden to G.A.R. to
demonstrate the actual hours of work performed for the July to
December 2016 period.  Id.

    G.A.R. appealed the presumption of forty hours per week of
covered work.  Def.'s Resp. to Pls.' SUF ¶¶ 33-34.  During the
appeal process, G.A.R. did not provide time records or other
evidence showing the actual hours of covered work performed in
that period.  Id.  In February 2019, the Board of Trustees denied
G.A.R.'s appeal.  Id. ¶ 35.  A few months later, Plaintiffs
initiated this lawsuit to collect the delinquent contributions
they allege G.A.R. owes for covered plumbing work performed in
the latter half of 2016.  See generally Compl.

1     Over a year later, G.A.R. filed its counterclaim for return

2 of ineligible pension contributions.  See generally Countercl.

3 G.A.R.'s two counterclaims arise from a separate compliance audit

4 Plaintiffs performed on G.A.R. for the period from June 2012

5 through April 17, 2020.  Id. ¶ 17.  G.A.R. claims Plaintiffs

6 miscalculated and overbilled G.A.R. $30,229.77 for that nearly

7 eight-year period and seeks return of those funds.   Id.

8

9                          II.  OPINION

10     A.   Legal Standard

11     A Court must grant a party's motion for summary judgment

12 "if the movant shows that there is no genuine dispute as to any

13 material fact and the movant is entitled to a judgment as a

14 matter of law."  Fed. R. Civ. Proc. 56(a).  The movant bears the

15 initial burden of "informing the district court of the basis for

16 its motion and identifying [the documents] which it believes

17 demonstrate the absence of a genuine issue of a material fact."

18 Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  A fact is

19 material if it "might affect the outcome of the suit under the

20 governing law."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242,

21 248 (1986).

22     Once the movant makes this initial showing, the burden

23 rests upon the nonmoving party to "set forth specific facts

24 showing that there is a genuine issue for trial."  Id.  An issue

25 of fact is genuine if "the evidence is such that a reasonable

26 jury could return a verdict for the nonmoving party."  Id.

27 ///

28 ///

                                    4

1

      B.    Analysis

2         Plaintiffs move for summary judgment as to their own claims

3  and Defendant's counterclaims.  Mot. at 1-2.

4           1. Plaintiffs' Claims

5         Plaintiffs first argue they are entitled to summary judgment

6  on both of their claims under the MLA.  Mot. at 7-8; Reply at 3-

7  5.  Specifically, Plaintiffs contend that because G.A.R. failed

8  to keep records for the latter half of 2016 as it was required to

9  under ERISA, the Trustees were entitled under Section 165(f) of

10  the MLA to determine a formula for benefits owing between June 1,

11  2016 to December 31, 2016, which the Trustees did when they

12  adopted the forty hour per week presumption.  Mot. at 8; Reply at

13  3.  Section 165(f) of the MLA states: "If a payment obligation is

14  disclosed by the audit for which no fringe benefit payment was

15  received by the Trust Funds, and for which the number of hours

16  worked cannot be plainly ascertained, the Trustees will determine

17  the appropriate formula to be applied to compute the fringe

18  benefit contributions owed. The Individual Employer shall be

19  required to comply with such formula and make payments to the

20  Trust Funds immediately upon being advised of the amount due."

21       As an initial matter, the Court agrees with Plaintiffs that

22  the language of this provision is unambiguous: Section 165(f)

23  clearly allows the Trustees to create a formula to compute the

24  amount of fringe benefits owed when the amount due cannot be

25  plainly ascertained and requires employers to comply with the

26  Trustees' formula under such circumstances.  Id. (emphasis

27  added).  Thus, if it were undisputed that the hours worked by Mr.

28  Robertson in the 2016 period at issue could not be ascertained,

1  G.A.R. would be required to pay in accordance with the Trustees'
2  formula under the clear language of the MLA.

3      In their Motion, Plaintiffs assume "it is undisputed GAR
4  failed to keep records of George Robertson's time" and thus that
5  it is undisputed that the amount due is not plainly
6  ascertainable.  Mot. at 7.  Not so.  Defendant makes clear in its
7  opposition brief and its response to Plaintiffs' Statement of
8  Undisputed Facts that it <u>does</u> dispute whether the amount due for
9  the latter half of 2016 can be ascertained.  Opp'n at 1-2; Def.'s
10  Resp. to Pls.' SUF ¶¶ 13, 29-31.  Yet, these arguments are left
11  largely unaddressed by Plaintiffs.  <u>See</u> Reply.  Most
12  significantly, Plaintiffs do not address Defendant's response to
13  Undisputed Material Fact No. 13 ("Mr. Robertson and GAR did not
14  keep records of his time during this testing period of April
15  1,2012 to December 31, 2016") in which Defendant cites to
16  deposition testimony and declarations to show there is genuine
17  dispute as to whether G.A.R.'s records for this period are
18  sufficient to ascertain the amount due.  Def.'s Resp. to Pls.'
19  SUF ¶ 13.  Ignoring Defendant's challenge to this critical fact
20  and the evidence Defendant points to in support of its challenge,
21  Plaintiffs instead focus on an undisputed fact: SUF ¶ 34 ("In its
22  appeal, G.A.R. did not provide records or other evidence showing
23  the actual hours of covered work performed by Mr. Robertson
24  during the period of July 1, 2016 to December 31, 2016.").  Reply
25  at 2.  From this undisputed fact – that G.A.R. did not bring
26  forward records <u>during its appeal</u> to the Board of Trustees –
27  Plaintiffs ask the Court to infer that G.A.R. does not have
28  records at all for this period thereby triggering Section 165(f)

of the MLA.  But the Court cannot draw this inference as a matter-of-law, particularly given Plaintiffs' failure to address the evidence Defendant has brought forward in support of its position that G.A.R. has sufficient records such that the number of hours worked by Mr. Robertson is ascertainable.  Def.'s Resp. to Pls.' SUF ¶¶ 13, 29-31.

Because there is a genuine factual dispute as to the ascertainability of the hours of covered work performed by Robertson in the latter half of 2016, there is also a genuine question as to whether Section 165(f) of the MLA is triggered in the first instance.  Accordingly, Plaintiffs' first argument that they are entitled to summary judgment under Section 165(f) of the MLA fails.

Next, Plaintiffs contend that even if the Court does not grant summary judgment under the MLA, the Court may grant summary judgment under the Ninth Circuit's burden-shifting approach set forth in Brick Masons Pension Trust v. Industrial Fence & Supply, Inc., 839 F.2d 1333 (9th Cir. 1988).  Mot. at 8-10; Reply at 5. In Brick Masons, which concerned a collection action brought by union benefit trust funds against two brick-mason employers, the Ninth Circuit explained in relevant part that: "once the trustees produce evidence raising genuine questions about the accuracy of the employer's records and the number of hours worked by the employees, the burden shifts to the employer to come forward with evidence of the precise amount of work performed."  Id. at 1338.

Plaintiffs argue that G.A.R. has failed to meet its evidentiary burden under the Brick Masons test.  Mot. at 9.  The problem once again with Plaintiffs' argument is that it proceeds

based upon a mistaken assumption that "G.A.R. concedes it kept no records of Mr. Robertson's time." Id. Because Plaintiffs assume this lack of records is undisputed, they further assume Brick Masons is triggered in the first place and that the burden has therefore shifted to G.A.R. Id. Yet, as discussed above, G.A.R. does not concede this point. Rather, G.A.R. insists that its records are sufficient to determine the work performed, bringing forward evidence to support that position. See Opp'n at 1-2, 6; Def.'s Resp. to Pls.' SUF ¶¶ 13, 29-31. Notably, in reply, Plaintiffs do not tackle Defendant's arguments about the sufficiency of the records head on, instead they simply repeat "G.A.R. has not produced any evidence to meet its burden to prove the precise amount of work performed." Reply at 5. However, in light of Defendant's arguments as to the sufficiency of its records, the Court cannot assume, as Plaintiffs do, that the Brick Masons test is triggered in the first place let alone that the burden has shifted to G.A.R. Id.

Accordingly, for the same reason Plaintiffs fail to show they are entitled to summary judgment under the MLA, they fail to establish an entitlement to summary judgment under Brick Masons: there is a genuine dispute as to whether G.A.R.'s records are sufficient to determine the amount of work performed. Because of this genuine dispute of material fact, Plaintiffs are not entitled to judgment as a matter of law on their two claims under either the MLA or under Brick Masons.

2. Defendant's Counterclaims

Plaintiffs also move for summary judgment on Defendant's counterclaims. Mot. at 12-15; Reply at 5-6. G.A.R.'s two

counterclaims are for: (1) restitution of overpaid amounts
pursuant to ERISA, and (2) breach of a collective bargaining
agreement and the trust agreement in violation of the LMRA.
Countercl. ¶¶ 21-34.

In opposition, G.A.R. appears to concede its second claim
fails as a matter of law because the LMRA does not provide a
cause of action for return of pension contributions. See Mot at
15; see also Award Service, Inc. v. N.Cal. Retail Clerks Unions,
763 F.2d 1066, 1071 (9th Cir. 1985) (refusing to recognize any
implied right of action for return of ERISA contributions under
the ERISA). As Plaintiffs point out in their Motion, the Ninth
Circuit made clear in Award Service that an employer seeking a
return of pension contributions has no right of action under the
LMRA and must instead proceed under Section 403(c)(2) of ERISA.
Id. G.A.R. does not dispute this in opposition. See Opp'n.
Accordingly, the Court finds G.A.R.'s second counterclaim fails
as a matter of law and grants summary judgment for Plaintiffs on
this claim.

As to its first counterclaim, G.A.R. properly proceeds
under Section 403(c)(2) of ERISA. Countercl. ¶¶ 21-34. Section
403(c)(1) sets forth the general rule that: "the assets of a
plan shall never inure to the benefit of any employer and shall
be held for the exclusive purposes of providing benefits to
participants in the plan their beneficiaries and defraying
reasonable expenses of administering the plan." However,
Section 403(c)(2)(A) lays out an exception to the rule,
providing for the return of contributions to an employer where
there has been a mistake of fact: "In case of a contribution . .

9

1  . (ii) made by an employer to a multiemployer plan by a mistake

2  of fact or law . . . paragraph (1) shall not prohibit the return

3  of such contribution or payment to the employer within 6 months

4  after the plan administrator determines that the contribution

5  was made by such a mistake."  See also Award Service, 763 F.2d

6  at 1068 (noting that employers have a cause of action under

7  Section 403(c)(2) to recover mistaken contributions).

8      Plaintiffs advance two arguments as to why they are

9  entitled to summary judgment on Defendant's Section 403(c)(2)

10 claim.  Mot. at 12-14; Reply at 5-6.  First, Plaintiffs argue

11 G.A.R. is not entitled to a refund because the Trustees have not

12 made a determination on G.A.R.'s request for return of

13 contributions and no refund can be made under Section 403 of

14 ERISA without such a determination that a refund is owing.  Mot.

15 at 13-14; Reply at 5.  To support their position, Plaintiffs

16 cite to Bds. of Trs. of the Northwest Ironworkers Health & Sec.

17 Fund v. Western Rebar Consulting, Inc., 2:18-cv-00486-BAT, 2020

18 WL 4000967 (W.D. WA. July 15, 2020) (granting motion to dismiss

19 defendant's counterclaim seeking return of overpaid funds).

20 Reply at 6.  In Western Rebar, plaintiffs, the board of trustees

21 for multiemployer plans regulated by ERISA and LMRA, filed an

22 action seeking unpaid contributions from the defendant-employer;

23 and the defendant-employer later filed a counterclaim seeking

24 return of incorrectly submitted funds, which plaintiffs moved to

25 dismiss.  2020 WL 4000967 at *1.

26      As an initial matter, this unreported opinion issued by a

27 magistrate judge in the Western District of Washington is not

28 binding on this Court.  Further, the Western Rebar court's

1   discussion of whether the defendant there had sufficiently

2   alleged a mistake of fact such that it was entitled to

3   restitution of its contributions and whether the defendant had

4   sufficiently alleged that the equities justified the return of

5   the contributions is of limited utility to this Court deciding a

6   motion for summary judgment.  Id. at *1.  For its part,

7   Defendant does not address Western Rebar nor does it bring

8   forward any authority of its own.  See Opp'n at 6-7.

9       Despite Defendant's failure to address Western Rebar, this

10  Court does not find Plaintiffs are entitled to judgment as a

11  matter of law under this lone non-binding authority.  Western

12  Rebar does not clearly authorize this Court to grant summary

13  judgment for Plaintiffs merely because the Trustees have not

14  made a determination on G.A.R.'s request.

15      Second, Plaintiffs argue G.A.R. has failed to meet its

16  burden to show the equities favor restitution.  Mot. at 14-15;

17  Reply at 5-6.  As the Ninth Circuit explained in Award Service,

18  an employer seeking a refund under Section 403(c)(2)(A) must not

19  only show a mistake of fact, but also must establish that the

20  equities favor restitution.  763 F.2d at 1069.  A court

21  determining whether the equities favor restitution may consider

22  "the effect on the beneficiaries of the Fund."  Laborers' Health

23  & Welfare Fund v. W.A. Rasic Constr. Co., 145 F.3d 1338, 1998 WL

24  279400 at *2 (9th Cir. 1998).

25      Plaintiffs contend the equities do not favor restitution

26  because there is a pending payroll testing audit that the

27  Trustees have reason to believe may show the underpayment of

28  contributions.  Reply at 6.  As such, the Trustees as fiduciaries

1   are concerned about the beneficiaries and have therefore deferred

2   their decision on G.A.R.'s request for return of the funds.   Id.

3   In light of this concern about G.A.R.'s underpayment and the

4   effect on the beneficiaries of the Benefit Funds, the equities,

5   according to Plaintiffs, do not favor restitution.   Id.

6       Defendant does not specifically respond to Plaintiffs'

7   argument.   See Opp'n.   Instead, Defendant generally counters that

8   because "G.A.R. is a husband and wife-run plumbing business to

9   whom [$30,229.77] would make a substantial impact," the equities

10  favor their position.   Opp'n at 7.   Further, Defendant requests

11  the Court order an immediate return of the $30,229.77.   Id.

12      The Court finds that neither party has shown the equities

13  clearly favor their position, at least not as a matter of law.

14  Plaintiffs are therefore not entitled to summary judgment on

15  G.A.R.'s first counterclaim for return of ineligible

16  contributions and G.A.R. is not entitled to a court order

17  requiring immediate return of the funds.

18                          III. ORDER

19      For the reasons set forth above, the Court GRANTS

20  Plaintiffs' motion for summary judgment only as to Defendant's

21  second counterclaim.   Their motion is DENIED as to all other

22  claims.

23      IT IS SO ORDERED.

24  Dated: March 31, 2021

25

26  _____
    JOHN A. MENDEZ,
    UNITED STATES DISTRICT JUDGE

27

28

                            12